# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **BERKSHIRE HATHAWAY SPECIALTY INSURANCE** | **PLAINTIFF** |
| V. | CAUSE NO. 3:17-cv-00633-CWR-LRA |
| **CITY OF VICKSBURG, et al.** | **DEFENDANTS** |

## ORDER

In 2017, an explosion occurred at Warren Yazoo, a mental health center in Vicksburg, Mississippi. Berkshire Hathaway, Warren Yazoo's property insurer, subsequently brought negligence and ultrahazardous activity claims against the City of Vicksburg. Berkshire alleges that the City's failure to properly install and operate gas lines caused the explosion. Specifically, Berkshire alleges that the City failed to install a gas line shut-off valve, drain a gas line before repairing it, and use proper tools while operating a gas line. The City has moved to dismiss Berkshire's claims.[1] For the reasons discussed below, the City's motion is DENIED.

### I. Discussion

The City argues that (1) the Mississippi Tort Claims Act's discretionary function immunity shields it from liability and (2) the operation of gas lines is not an ultrahazardous activity. Accepting all of Berkshire's factual allegations as true and making all reasonable inferences in its favor,[2] the Court will address each of the City's arguments in turn.

---

[1] Fed. R. Civ. P. 12(b)(6).
[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A. Does Discretionary Immunity Shield the City's Acts?**

The MTCA grants cities and their employees immunity against claims arising from performing or failing to perform a "discretionary function."[3] Discretionary functions are defined in opposition to ministerial functions, which are those "required by law."[4] Discretionary functions may be composed of ministerial sub-functions. For example, federal pollution standards inject a series of ministerial sub-functions into sewer maintenance, which is a discretionary function under state law.[5] A plaintiff can defeat a discretionary immunity defense by proving that an "act or failure to act in furtherance of" a ministerial sub-function caused their injuries.[6]

It is undisputed that the City's operation of a gas utility is a discretionary function.[7] Berkshire claims that this function is composed of ministerial sub-functions created by a host of state and federal laws. The City accepts this claim,[8] but argues that such laws do not mandate the specific acts the City failed to perform, like installing a shut-off valve on a particular gas line.

The City's argument misunderstands discretionary immunity. "It is the function of a governmental entity – not the acts performed in order to achieve that function – to which immunity [attaches] under the MTCA."[9] When a function is determined to be ministerial, "all acts fulfilling" or "associated with" that function are not shielded by discretionary immunity.[10] Thus, the "decision of whether to cut down a tree" near a highway is not shielded by discretionary immunity because

---

[3] Miss. Code Ann. § 11-46-9(1)(d).
[4] *Little v. Mississippi Dep't of Transp.*, 129 So. 3d 132, 136 (Miss. 2013).
[5] *Boroujerdi v. City of Starkville*, 158 So. 3d 1106, 1113 (Miss. 2015).
[6] *Id*.
[7] *See* Miss. Code Ann. § 21-27-23.
[8] The City's briefing argues that various other laws mentioned by Berkshire do not create ministerial duties, but does not discuss Rule 57. As discussed *infra*, Rule 57 alone establishes that Berkshire has stated a claim upon which relief can be granted; therefore, the City's arguments addressing other laws need not be addressed.
[9] *Little*, 129 So. 3d at 138, 140.
[10] *Id*.

it is "an act performed in furtherance of the ministerial function of maintaining highway rights-of-way."[11]

Berkshire argues that one law which creates a ministerial sub-function is Rule 57 of the Mississippi Public Service Commission's *Rules and Regulations Governing Public Utility Services*. Rule 57 requires gas utilities to "operate and maintain in safe, efficient, and proper condition all of the facilities and instrumentalities used in connection with the regulation, measurement, and delivery of gas to any customer, up to and including point of delivery into the piping of the customer."[12] Rule 57's "operate and maintain" language establishes a ministerial sub-function to safely operate and maintain gas lines.[13] The City does not dispute that acts fulfilling this function include properly installing a gas line shut-off valve, draining a gas line before repairing it, and using proper tools while operating a gas line. The City's alleged failure to perform these acts is thus enough to defeat the City's discretionary immunity defense at this stage.

**B. Is Operating Gas Lines an Ultrahazardous Activity?**

Whether the operation of gas lines is an ultrahazardous activity is a question of first impression in Mississippi. The state recognizes theories of strict liability for ultrahazardous activities,[14] but has defined those activities narrowly[15] and has not applied ultrahazardous designation to any activity beyond those involving blasting or dynamite.[16] This Court is therefore left "predict [whether] the Mississippi Supreme Court" would extend such a designation to the operation of gas lines.[17]

---

[11] *Id.* at 136.
[12] *Rules and Regulations Governing Public Utility Services* (Miss. Pub. Serv. Comm'n 2012).
[13] *See Boroujerdi*, 158 So. 3d at 1113 (holding that Miss. Admin. Code 11–6:1.1.1(B)(1) creates a ministerial function by mandating that all wastewater treatment permittees "properly operate [and] maintain" their facilities).
[14] *See Sprankle v. Bower Ammonia & Chem. Co.*, 824 F.2d 409, 415 (5th Cir. 1987) (citing *Teledyne Expl. Co. v. Dickerson,* 253 So. 2d 817, 818 (Miss. 1971); *Cent. Expl. Co. v. Gray*, 219 Miss. 757 (1954)).
[15] *See Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 174 (5th Cir. 1997)
[16] *See Donald v. Amoco Prod. Co*., 735 So. 2d 161, 171 (Miss. 1999).
[17] *Sprankle*, 824 F.2d at 415.

3

Making such a prediction at this point would be premature. For this Court to conduct such a fact-intensive adjudication, the parties must be given time to develop the record sufficiently. For this reason, federal courts have consistently held that such an inquiry is best resolved on a motion for summary judgment, not a motion to dismiss.[18] This Court will do the same.

## II. Conclusion

For these reasons, the City's motion to dismiss is DENIED.[19]

**SO ORDERED**, this the 30th day of November, 2017.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE

---

[18] *See, e.g., Brown v. Panhandle E. Pipeline Co. L.P.*, No. 16-2428-JAR-TJJ, 2017 WL 3821743, at *2 (D. Kan. Sept. 1, 2017); *Berish v. Southwestern Energy Prod. Co.*, 763 F. Supp. 2d 702, 706 (M.D. Pa. 2011); *Mayore Estates, LLC v. Port Auth. of New York & New Jersey,* No. 02 CIV.7198(AKH), 2003 WL 22232918, at *2 (S.D.N.Y. Sept. 26, 2003); *see also Ely v. Cabot Oil & Gas Corp.*, 38 F. Supp. 3d 518, 527 (M.D. Pa. 2014) (collecting cases).

[19] The City's prior motion to dismiss is also DENIED; it deals with Berkshire's initial, pre-amended complaint, and is therefore moot.